UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHNATHAN WOODLEY,<br><br>Plaintiff,<br><br>v.<br><br>P.O. ZABRECKY #517 and P.O. SE LETO #383, individually, and the CITY OF MERRILLVILLE, LAKE COUNTY POLICE DEPARTMENT, and LAKE COUNTY, INDIANA,<br><br>Defendants. | CAUSE NO.: 2:17-CV-450-TLS |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's, Town of Merrillville, Partial Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 21]. The Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons stated in the order below, the Court GRANTS the Defendant's Motion.

**BACKGROUND**

The Plaintiff, Johnathan Woodley, commenced this action on December 4, 2017 [ECF No. 1] and filed an Amended Complaint on March 6, 2018 [ECF No. 17]. The Plaintiff alleges violations of his Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. §§ 1983 and 1988. The Plaintiff alleges that a police canine attacked him after he was handcuffed and that the Defendants P.O Zabrecky and P.O. S.E. Leto failed to intervene. (Pl.'s Am. Compl. ¶¶ 11–12.) The Plaintiff alleges that Defendants Zabrecky and Leto used excessive and unreasonable force during his arrest. (*Id*. ¶¶ 17–18.) The Plaintiff's sole claim against the Town of Merrillville is an

indemnification claim for the alleged misconduct of the Defendants Zabrecky and Leto. (*Id*. ¶¶21–22.)

On March 13, 2018, the Defendant Town of Merrillville filed a Motion to Dismiss [ECF No. 21] pursuant to Federal Rule of Civil Procedure 12(b)(6) and a Memorandum in Support [ECF No. 22]. The Defendant Town of Merrillville argues that the Plaintiff's claim should be dismissed for lack of subject matter jurisdiction, as the Plaintiff's indemnification claim is not ripe. (Def.'s Mem. in Supp. of Mot. to Dismiss. at 3.) The Plaintiff did not file a response, and the time to do so has since passed.[1]

## LEGAL STANDARD

"A motion to dismiss pursuant to [Rule] 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When reviewing a complaint attacked by a Rule 12(b)(6) motion, the Court must accept all of the factual allegations as true and draw all reasonable inferences in the light most favorable to the Plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). However, though a complaint need not contain detailed facts, surviving a Rule 12(b)(6) motion "requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

---

[1] Northern District of Indiana Local Rule 7-1 requires that a party must file any response brief to a motion within 14 days after the motion is served. N.D. Ind. L.R. 7-1(d)(2)(A).

556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Because the purpose of a motion to dismiss "is to test the formal sufficiency of the statement of the claim for relief[,] the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed.).

## ANALYSIS

The Defendant Town of Merrillville argues that liability has not been established and no judgment has been entered that would give rise to an indemnification claim. (Def.'s Mem. in Supp. of Mot. to Dismiss at 4.) Thus, the Defendant argues, the Court lacks subject matter jurisdiction over the Plaintiff's indemnification claim. The Plaintiff offered no argument in response.

The Court only has subject matter jurisdiction over a case in which the controversy is ripe, and a claim is unripe if it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted). The Seventh Circuit has repeatedly warned against trying to resolve questions of indemnity before liability due to ripeness complications. *Doe v. City of Chicago*, 360 F.3d 667, 672 (7th Cir. 2004); *Lear Corp. v. Johnson Elec. Holdings, Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003) ("We regularly say that decisions about indemnity should be postponed until the underlying liability has been established."); *Grinnell Mut. Reinsurance Co. v. Reinke*, 43 F.3d 1152, 1154 (7th Cir. 1995) ("[T]he duty to indemnify is unripe until the insured has been held liable.")

No determination has yet been made as to the Defendants' liability. At this stage of the proceedings, the Plaintiff's indemnification claim against the Defendant Town of Merrillville is

premature as it is not clear that Defendants Zabrecky and Leto will be held liable under any of the Plaintiff's alleged claims. *See Sowell v. Dominguez*, No. 2:09-CV-47, 2011 WL 294758, at *14 (N.D. Ind. Jan. 26, 2011). The Plaintiff's claim against the Defendant Town of Merrillville must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendant's, Town of Merrillville, Partial Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 21]. Count II of the Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE as to the Defendant Town of Merrillville.

SO ORDERED on May 24, 2019.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT